HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ARTHUR PETERSON,<br><br>             Plaintiff,<br><br>    v.<br><br>QUINAULT BEACH RESORT AND CASINO,<br><br>             Defendant. | CASE NO. C17-5604 RBL<br><br>ORDER DENYING MOTION TO PROCEED IFP |

THIS MATTER is before the Court on Plaintiff John Peterson's motion to proceed *in forma pauperis*, supported by a proposed complaint [Dkt #1]. Peterson is an unemployed model, musician, and service worker. Peterson claims he descends from Russian, German, Irish, Native American, and English Royalty. Peterson claims the Quinault Beach Resort and Casino fired him without cause after he complained that he was sexually harassed by a female co-worker. He asks the Court to award him $10,000 or more in damages and $8,000 or more for pain and suffering.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding in forma pauperis in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.

1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed [pleading] that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); see also 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." Id. (*citing Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted).

Peterson failed to provide evidence of his indigency sufficient to merit leave to proceed *in forma pauperis*. The Court allows litigants to proceed *in forma pauperis* only when they have sufficiently demonstrated an inability to pay the filing fee. This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting petition based on unemployment and zero income); *Reed v. Martinez*, 2015 U.S.

Dist. LEXIS 80629, at *1, 2015 WL 3821514 (D. Nev. June 19, 2015) (granting petition for incarcerated individual on condition that applicant provides monthly payments towards filing fee). It does not include those whose access to the court system is not blocked by their financial constraints, but rather are in a position of having to weigh the financial constraints pursuing a case imposes. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D. N.Y.), *aff'd*, 865 F.2d 22 (2d Cir. 1988) (denying petition to proceed IFP because petitioner and his wife had a combined annual income of between $34,000 and $37,000). In his complaint, Peterson states he has $20,000 for attorneys, a paid-off BMW, and a condo. [Dkt. #1, Attach. 1 at 10]. Peterson has failed to demonstrate a level of economic necessity similar to those who have received IFP status.

For this reason, Peterson's Motion for Leave to Proceed *in forma pauperis* [Dkt. #1] is DENIED. Peterson shall pay the filing fee or the court will dismiss his claims within 21 days of this order. Otherwise, his petition will be dismissed without further notice.

Dated this 29th day of August, 2017.

/s/ Ronald B. Leighton

Ronald B. Leighton
United States District Judge