HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ARTHUR PETERSON,

        Plaintiff,

v.

QUINAULT BEACH RESORT AND CASINO,

        Defendant.

CASE NO. C17-5604RBL

ORDER DENYING AMENDED IFP APPLICATION

THIS MATTER is before the Court on *pro se* Plaintiff Peterson's amended application to proceed *in forma pauperis*. [Dtk. #5] Peterson's first attempt was denied because he claimed he had assets—cash, cars, and real estate—that made him ineligible for IFP status. His revised application (based on the same complaint) claims that he does not actually have access to cash. He does not address his net worth including the BMW or the condo, or the other assets he has described in other filings in this and his other proposed case, Cause No. 17-5734.

For this reason, the revised application is also insufficient and it is **DENIED**.

Furthermore, the substance of Peterson's proposed complaint is insufficient.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad

discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

Peterson apparently seeks to assert[1] an employment discrimination claim against his former employer, Quinault. But his complaint includes a variety of unusual allegations that

---

[1] Peterson's complaint in each case includes references to a rape, apparently of someone else. It is not clear how this relates to his claim against his former employer.

having nothing to do with his employment, and is quite thin on the facts surrounding his actual employment and termination, and why it was wrongful in a way that can be addressed in this Court. Even if Peterson is indigent and can demonstrate that fact, his complaint must be amended to articulate the "who what when where and why" of his employment claim. Lengthy allegations about his "royalty," his sexual prowess, his resume, his father's military service, his intellect, his dating history, and the like are not relevant and are not sufficient to state a plausible claim. A complaint should instead contain a "short and plain statement of the grounds for the court's jurisdiction," and a "short and plain statement of the claim, showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).

Plaintiff shall pay the filing fee or address the deficiencies in his IFP application and his proposed complaint (by filing an amended complaint) within 21 days of this ORDER, or the matter will be dismissed without further notice.

IT IS SO ORDERED.

Dated this 16th day of November, 2017.

Ronald B. Leighton
United States District Judge